UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT LEE HOOD,<br><br>            Plaintiff,<br><br>     vs.<br><br>MARGARET MIMS, et al.,<br><br>            Defendants. | 1:13-cv-00108-LJO-GSA-PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND (Doc. 22.)<br><br>THIRTY DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT AS INSTRUCTED BY THIS ORDER |

**I.     BACKGROUND**

Albert Lee Hood ("Plaintiff") is a federal prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's original Complaint, filed on January 24, 2013, against defendants Chuna, Taylor, Wibbles, and Zavala, on Plaintiff's Eighth Amendment medical claims.  (Doc. 1.)

On October 30, 2014, Plaintiff filed a motion for leave to amend the Complaint.  (Doc. 22.)  Defendants have not filed an opposition.

**II.    LEAVE TO AMEND – RULE 15(a)**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a).  Otherwise, a party may amend only by leave of the court or by written

consent of the adverse party.  Id.  "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

Plaintiff seeks to amend his request for relief in the Complaint to request monetary damages of $300,000.  The Complaint now requests "any monetary amount the Court feels adequate for the medical indifference and pain and suffering." (Doc. 1 at 3 ¶V.)  Plaintiff seeks to clarify the amount requested.  In light of the fact that Plaintiff's motion is unopposed, the court finds no prejudice to the opposing party in allowing the amendment.  Any delay in the litigation due to the amendment appears reasonable, and the court finds no evidence of bad faith or futility.  Therefore, Plaintiff's motion to amend shall be granted, for the sole purpose of clarifying the amount of damages requested in the request for relief.  Plaintiff shall not make any other changes to the Complaint.

Plaintiff is advised that as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, Plaintiff's First Amended Complaint must be complete in itself without reference to any previous complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Local Rule 220.

### III.   DEFENDANTS' MOTION TO DISMISS

On November 19, 2014, Defendants filed a motion to dismiss the Complaint for failure to state a claim. (Doc. 24.)  Because Plaintiff's First Amended Complaint shall supercede the original Complaint, Loux, 375 F.2d at 57, Defendants' motion to dismiss shall be moot upon the filing of the First Amended Complaint.

**IV.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend, filed on October 30, 2014, is GRANTED, for the sole purpose of clarifying the amount of damages requested in the request for relief;

2. Within thirty days from the date of service of this order, Plaintiff shall file the First Amended Complaint as instructed by this order;

3. Upon the filing of the First Amended Complaint, Defendants' motion to dismiss filed on November 19, 2014 shall be moot; and

4. Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed.

IT IS SO ORDERED.

Dated:   **April 23, 2015**                            **/s/ Gary S. Austin**
                                                                     UNITED STATES MAGISTRATE JUDGE