1

2

3

4

5

6

7 **UNITED STATES DISTRICT COURT**

8 EASTERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| ALBERT LEE HOOD, | Case No.  1:13-cv-00108-LJO-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION THAT DEFENDANTS' MOTION TO DISMISS BE DENIED |
| v. | |
| C/O CHUNA, et al., | (ECF NO. 34) |
| Defendants. | OBJECTIONS DUE IN THIRTY DAYS |

15      Plaintiff, an inmate in the custody of the U.S. Bureau of Prisons at USP Atwater, brings

16 this civil rights action against defendant officials employed by the Fresno County Sheriff's

17 Department at the Fresno County Jail. This matter was referred to a United States Magistrate

18 Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.  Pending before the Court is

19 Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff

20 has opposed the motion.

21                                    **I.**

22                          **PROCEDURAL HISTORY**

23      This action proceeds on the May 26, 2015, first amended complaint. (ECF No. 32.)   In

24 the original complaint, Plaintiff named as defendants the following individuals: Sheriff Margaret

25 Mims; Correctional Officer (C/O) Chuna; C/O Zavala; Sergeant Taylor; Corporal Wibbles.

26 Plaintiff alleged that defendants were deliberately indifferent to his serious medical needs.[1]

27 ─────────────
[1] Plaintiff did not specifically allege whether he was a pretrial detainee or serving a sentence of confinement.  The Court presumes Plaintiff was a pretrial detainee, as he references his criminal defense attorney.  While the deliberate

28 indifference standard is applied under the Eighth Amendment, the Due Process Clause of the Fourteenth

1    On May 8, 2014, an order was entered, advising Plaintiff that he had stated a claim for

2    relief against Defendants Chuna, Taylor, Wibbles and Zavala for deliberate indifference to

3    medical needs.   Plaintiff was given the choice of filing an amended complaint or notifying the

4    Court of his intention to proceed against Defendants Chuna, Taylor, Wibbles and Zavala for

5    deliberate indifference.  Plaintiff indicated a willingness to proceed on the claims found to be

6    cognizable and the Court so recommended.   On August 7, 2014, an order was entered by the

7    District Court, adopting the findings and recommendations and dismissing all other claims and

8    defendants.   Service was ordered upon Defendants Chuna, Taylor, Wibbles and Zavala.   On

9    November 19, 2014, all four Defendants appeared by motion to dismiss.  On October 30, 2014,

10   Plaintiff filed a motion for leave to file an amended complaint.  Plaintiff sought leave to amend

11   the complaint to plead a specific amount of damages.   The Court granted Plaintiff's motion

12   pursuant to Federal Rule of Civil Procedure 15(a).  The Court specifically ordered that Plaintiff's

13   motion for leave to amend was granted for the sole purpose of clarifying the amount of damages

14   in the request for relief. (ECF No. 29 at 3:3-4.)   On May 26, 2015, Plaintiff filed the first

15   amended complaint that is now before the Court.   Defendants filed their motion to dismiss on

16   June 5, 2015.  Plaintiff has opposed the motion and Defendants have filed a reply.

17                                           **II.**

18                                      **ALLEGATIONS**

19       In the original complaint, Plaintiff alleged that on September 3, 2012, he was suffering

20   from a bullet wound in his stomach.  Plaintiff specifically alleged that he "had a bullet trying to

21   work its way out of the wound in my stomach."  Plaintiff contacted the floor officer on duty in

22   the tower at that time, C/O Chuna, and requested medical attention for the bleeding.  Plaintiff

23   contacted C/O Chuna by using the intercom system in his cell.  Chuna told Plaintiff to "stay off

24   the intercom and quit bothering him."   When the inmates were released from their cells after

25   count, Plaintiff attempted to get Chuna's attention through the pod window, showing him his

26   bleeding stomach.  Chuna waved Plaintiff off with a flick of the wrist.  Plaintiff stuffed the

27   _____

     Amendment, not the Eighth Amendment, governs Plaintiff's claim for denial of medical care as a pretrial detainee.

28   See Redman v. County of San Diego, 942 F.2d 1435, 1442-43 (9th Cir. 1991)(applying deliberate indifference
     standard to pretrial detainees through the Due Process Clause of the Fourteenth Amendment).

1    wound with toilet paper.

2        On September 5, 2012, Sgt. Taylor sent Corporal Wibbles and C/O Zavala to escort

3    Plaintiff to a classroom for questioning.  Plaintiff alleged that this was in response to his advising

4    his criminal defense attorney about his "negligent medical treatment."  Plaintiff alleged that he

5    was interviewed about the location of the bullet, but was refused medical treatment.  Plaintiff

6    alleged that his attorney's investigator took a photograph of the wound and possession of the

7    bullet and left.  He did not get medical treatment.

8        In the first amended complaint, Plaintiff includes additional factual allegations, adds

9    claims of Fifth and Ninth Amendment violations, and seeks one million dollars in damages.

10   Plaintiff alleges that on December 4, 2011, he was incarcerated at the Fresno County Jail.  When

11   asked by the nursing staff if he had any injuries, Plaintiff responded that he "had a bullet that was

12   moving around and that it was hurting." (ECF No. 32, ¶¶ 6-8.)   On September 3, 2012, the bullet

13   worked its way out of Plaintiff's stomach, and he contacted Officer Chuna by using the intercom

14   button.  Plaintiff alleges that over the intercom, he "informed Officer Chuna that the bullet had

15   come out of his stomach and that he needed to go to medical because he was bleeding and had

16   the bullet in his hand."  Officer Chuna told Plaintiff to "stay off" the button because he was busy.

17   Plaintiff again pushed the button and asked Officer Chuna if he heard what Plaintiff told him.

18   Officer Chuna again told Plaintiff to stay off the button.  (Id. ¶¶ 10-14.)

19       Plaintiff alleges that approximately 2 and a half hours later, he went to the front of the

20   pod and banged on the window to get Officer Chuna's attention.  Plaintiff showed Officer Chuna

21   that he was bleeding.  Officer Chuna told Plaintiff, who was standing inside of a red line, to "get

22   out of the red."  Plaintiff continued to show his wound to Officer Chuna, who then used the

23   loudspeaker to tell Plaintiff to get on the other side of the red line.  (Id. ¶¶ 16-18.)

24       On September 4, 2012, Plaintiff contacted his criminal defense attorney and informed

25   him that he still had not been seen by medical for his injury. (Id. ¶ 21.)   His attorney interviewed

26   Plaintiff.  On the same day, Officer Wibbles and Officer Zavala came to Plaintiff's cell.  They

27   searched the cell, found the bullet, and escorted Plaintiff to Sergeant Taylor.  Sergeant Taylor

28   was accompanied by federal law enforcement agents.  Plaintiff alleges that the federal agents

1   asked that Plaintiff have his handcuffs removed and that Plaintiff be taken to medical.  Plaintiff

2   alleges that this was the first time that he was seen for his injuries. (Id. ¶ 34.)

3                                                      **III**

4                                                **ANALYSIS**

5          To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough

6   facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550

7   U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content

8   that allows the court to draw the reasonable inference that the defendant is liable for the

9   misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at

10  556).  While "[t]he plausibility standard is not akin to a 'probability requirement,' . . . it asks for

11  more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Twombly, 550

12  U.S. at 556).  Naked assertions accompanied by "a formulaic recitation of the elements of a

13  cause of action will not do."  Twombly, 550 U.S. at 555.  See Starr v. Baca, 652 F.3d 1202, 1216

14  (9th Cir. 2011) ("[A complaint] must contain sufficient allegations of underlying facts to give

15  fair notice . . . [to] the opposing party . . . [and] must plausibly suggest an entitlement to relief").

16         In deciding a motion to dismiss under Rule 12(b)(6), the court accepts the factual

17  allegations of the complaint as true and construes the pleadings in the light most favorable to the

18  party opposing the motion.  Ass'n for Los Angeles Deputy Sheriffs v. County of Los Angeles,

19  648 F.3d 986, 991 (9th Cir. 2011).  However, the court need not accept as true allegations that

20  contradict matters properly subject to judicial notice or by exhibit.  Sprewell v. Golden State

21  Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  Nor is the court required to accept as true

22  allegations that are conclusory or the product of unwarranted deductions of fact.  Id.  Finally, if

23  the court concludes that dismissal is warranted under Rule 12(b)(6), the dismissal should be with

24  leave to amend unless the court "determines that the pleading could not possibly be cured by the

25  allegation of other facts."  Cook, Perkiss & Liehe, Inc. v. Northern California Collection Serv.

26  Inc., 911 F.2d 242, 247 (9th Cir. 1990).

27         **A.  Failure to State a Claim**

28         Defendants argue that the first amended complaint fails to allege sufficient facts upon

                                                      4

which relief may be granted.  As noted, above, because Plaintiff has alleged facts indicating that he was a pretrial detainee at the time of the events at issue, the Due Process Clause of the Fourteenth Amendment governs Plaintiff's claim for denial of medical care as a pretrial detainee. The deliberate indifference standard is applied to pretrial detainees through the Due Process Clause.  Redman, 942 F.2d at 1442.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).   Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

To maintain a claim based on deliberate indifference to serious medical needs, Plaintiff must alleged facts that satisfy the two-part test for deliberate indifference.  Plaintiff must show (1) "'a serious medical need' be demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)(quoting Estelle v. Gamble, 429 U.S. 97 (1976)).

In the May 8, 2014, order screening the original complaint, the Court noted that Plaintiff had stated a claim for relief as to Defendants Chuna, Taylor, Wibbles and Zavala.  In the original complaint, Plaintiff alleged that on September 5, 2012, Sgt. Taylor sent Officers Wibbles and Zavala to Plaintiff's cell to escort Plaintiff to a classroom for questioning.  The allegations of the original complaint indicate that on that date, Plaintiff was questioned by Sgt. Taylor in the presence of Wibbles and Zavala, and that he was denied medical treatment.  In the first amended complaint, Plaintiff alleges that on the day that he was interviewed by Sergeant Taylor, he was sent to medical at the request of the federal agents.  There are no allegations in the first amended complaint that Defendants Taylor, Wibbles or Zavala were deliberately indifferent to Plaintiff's serious medical need.  The only conduct charged to Defendants Wibbles and Zavala are that they

1   searched Plaintiff's cell and escorted Plaintiff to the classroom pursuant to Sergeant Taylor's

2   orders.  The only conduct charged to Defendant Tayor is that she interviewed Plaintiff.  Plaintiff

3   was then taken to medical.  (ECF No. 32 at ¶33.)

4          An amended complaint supersedes the original complaint, and must be complete in and

5   of itself without reference to the prior, or superseded, pleading.   Valadez-Lopez v. Cherthoff,

6   656 F.3d 851, 857 (9th Cir. 2011), Local Rule 220.     In the order screening the original

7   complaint, Plaintiff was specifically advised that all causes of action alleged in an original

8   complaint which are not alleged in an amended complaint are waived.  King v. Atiyeh, 814 F.2d

9   565, 567 (9th Cir. 1987).

10          In the first amended complaint, Plaintiff has alleged facts indicating that although

11   Defendants Wibbles, Zavala and Taylor were aware of Plaintiff's condition, he has not alleged

12   facts indicating that they were deliberately indifferent to that condition.  Plaintiff alleges that on

13   the same day that Officers Wibbles and Zavala and Taylor became aware of Plaintiff's condition,

14   he was seen at the medical clinic.   Plaintiff therefore fails to state a claim for relief as to

15   Defendants Wibbles, Zavala and Taylor in the first amended complaint.

16          As to Defendant Officer Chuna, Defendants argue that although the first amended alleges

17   that Plaintiff brought his wound to Chuna's attention, there is no indication that the wound

18   represented a substantial risk of harm.  Defendants argue that the bullet remained in Plaintiff's

19   body for at least nine months and resolved itself by eventually working its way out of Plaintiff's

20   body without the need of medical intervention.  Defendants argue that Plaintiff's allegation that

21   he was in need of medical attention is conclusory, and that Plaintiff did not present with a serious

22   medical need.

23          "Courts in this circuit have an obligation to give a liberal construction to the filings of pro

24   se litigants, especially when they are civil rights claims by inmates," Blaisdell v. Frappiea, 729

25   F.3d 1237, 1241 (9th Cir. 2013), and pro se complaints "may only be dismissed 'if it appears

26   beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

27   entitle him to relief.'" Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014)(quoting Wilhelm v.

28   Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)).  "This rule relieves pro se litigants from the strict

1    application of procedural rules and demands that courts not hold missing or inaccurate legal

2    terminology or muddled draftsmanship against them." Blaisdell, 729 F.3d at 1241.  However,

3    the plaintiff must still set forth sufficient factual allegations, tempered by his pro se status, to

4    support a plausible claim for relief; the mere possibility of misconduct will not suffice.  See

5    Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

6         In the May 8, 2014, screening order, the Court found that Plaintiff had alleged facts,

7    liberally construed, indicating that Plaintiff stated a claim for relief against Defendant Chuna for

8    deliberate indifference to his serious medical needs.    The screening standard does not differ

9    from the standard governing Rule 12(b)(6) motions.  Unless a motion sets forth new or different

10   grounds not previously considered by the Court, it is disinclined to rethink what it has already

11   thought.  Sequioa Forestkeeper v. U.S. Forest Service, No. CV F 09-00392-LJO-JLT, 2011 WL

12   902120, at *6 (E.D. Mar. 15, 2011)(citing United States v. Rezzonico, 32 F.Supp.2d 1112, 1116

13   (D. Ariz. 1998)(quotation marks omitted).  Defendants' motion does not change this Court's

14   decision in the prior screening order which found a cognizable claim under the Eighth

15   Amendment against Defendant Officer Chuna.

16        **B.  Official Capacity**

17        In the first amended complaint, Plaintiff is suing defendants, for the first time, in their

18   official capacity.  In the May 8, 2014, screening order, Plaintiff was directed that he may not

19   change the nature of this suit by adding new, unrelated claims in an amended complaint. (ECF

20   No. 9 at 4:10.)  Defendants therefore request that Plaintiff's official capacity claim be stricken.

21        Further, Fresno County is not a named defendant, there are no claims of municipal

22   liability in the original complaint, and no facts alleged in the first amended complaint that would

23   support a claim against Fresno County.  Monell v. Dept. of Soc. Serv., 436 U.S. 658 (1978).

24   "An official capacity suit against a municipal officer is equivalent to a suit against the entity."

25   Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff's Dep't, 533 F.3d 780, 799

26   (9th Cir. 2008)(citing Kentucky v. Graham, 473 U.S. 159, 165-66 (1985)).  There is no claim

27   against Fresno County, and therefore there is no official capacity claims against the individual

28   defendants.

**C.  Other Claims**

In the first amended complaint, Plaintiff includes new allegations that Officers Wibbles and Zavala threw him to the ground (ECF No. 32 at ¶¶ 29-32).  Plaintiff also vaguely alleges violations of his Fifth, Ninth and Fourteenth Amendment rights (Id., ¶ 36.)  Defendants also seek to strike Plaintiff's request for $1 million in damages, as he previously sought, and was granted, leave to amend the complaint to include $300,000 in damages.

The original complaint and the first amended complaint state a claim for relief against Defendant Officer Chuna for deliberate indifference to his serious medical needs under the Due Process Clause of the Fourteenth Amendment.  The first amended complaint does not state any other claims for relief.  In the order screening the original complaint, Plaintiff was specifically cautioned that he may not bring any new claims in the amended complaint.  Plaintiff's remaining claims should therefore be dismissed.  As to Defendant's request to strike Plaintiff's claim for damages, the order granting Plaintiff leave to file an amended complaint did not caution Plaintiff that any amount other than what he requested would be stricken.  Further, should this case proceed to trial on Plaintiff's deliberate indifference claim against Defendant Chuna, he would bear the burden of proving the amount of any damages.  The Court therefore declines to strike Plaintiff's claim for damages.

**IV.**

**CONCLUSION AND RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) be granted in part;

2.  Defendants Zavala, Wibbles and Taylor be dismissed from this action for Plaintiff's failure to state a claim against them;

3.  Plaintiff's Fifth and Ninth Amendment claims and Plaintiff's claim of being thrown to the ground be dismissed; and

4.  This action proceed against Defendant Officer Chuna on Plaintiff's claim of deliberate indifference to his serious medical needs.

1    These findings and recommendations will be submitted to the United States District

2  Judge assigned to the case, pursuant to the provision of Title 28 U.S.C. (b)(1).  Within **thirty**

3  **(30)** days after being served with these Finding and Recommendations, the parties may file

4  written objections with the Court.  The document should be captioned "Objections to Findings

5  and Recommendations."   The parties are advised that failure to file objections within the

6  specified time may result in the waiver of rights on appeal.  <u>Wilkerson v.</u> Wheeler, 772 F.2d F.3d

7  834, 838-39 (9th Cir. 2014)(citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

8

9  IT IS SO ORDERED.

10    Dated:   **January 14, 2016**              /s/ *Barbara A. McAuliffe*

11                                               UNITED STATES MAGISTRATE JUDGE