**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALBERT LEE HOOD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARGARET MIMS, et al.,<br><br>　　　　　Defendants. | Case No.: 1:13-cv-00108-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S THIRD MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>(ECF No. 52) |

　　　Plaintiff Albert Lee Hood is proceeding pro se and in forma pauperis in this civil rights action. This case currently proceeds on Plaintiff's claim against Defendant Chuna on deliberate indifference to his serious medical needs.

　　　Previously in this matter, Plaintiff filed two motions seeking the appointment of counsel, (ECF Nos. 7, 14), each of which were subsequently denied, (ECF Nos. 8, 15.) Currently before the Court is Plaintiff's third motion for the appointment of counsel in this matter, filed February 27, 2017. (ECF No. 52).

　　　In support of his current request, Plaintiff states that he is unschooled in the law and is limited by his imprisonment, although he has some assistance from a certified paralegal. He further contends that new law may have an impact on the arguments in this case, and that a volunteer attorney would likely accept his case because of the merit and evidence involved. Plaintiff also asserts that an attorney could more speedily move his case to trial or conclusion, since he is delayed by, among other things, his lack of legal training and his need for extensions of time due to his inmate status.

As Plaintiff has been previously informed, he does not have a constitutional right to appointed counsel in this civil action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent him pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this time, the Court does not find a likelihood of success on the merits. Also, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. And although Plaintiff recently required one extension of time to file an opposition to Defendant's motion for summary judgment, he filed within the extended deadline, causing little delay in this matter.

Accordingly, it is HEREBY ORDERED that Plaintiff's third motion for the appointment of counsel, filed January 6, 2017 (ECF No. 21) is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **March 1, 2017**          /s/ *Barbara A. McAuliffe*
                                                        UNITED STATES MAGISTRATE JUDGE