# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT LEE HOOD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ADLENO CUNHA, JR.,<br><br>　　　　Defendant. | Case No.: 1:13-cv-00108-BAM (PC)<br><br>**SECOND SCHEDULING ORDER**<br><br><u>Telephonic Trial Confirmation Hearing</u>: March 5, 2018 at 10:00 a.m. in Courtroom 8 (BAM)<br><br><u>Jury Trial</u>: Tuesday, May 15, 2018 at 8:30 a.m. in Courtroom 8 (BAM) |

　　　　Plaintiff Albert Lee Hood is proceeding in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Correctional Officer Adleno Cunha, Jr.

　　　　On September 18, 2017, Defendant's motion for summary judgment was denied. (ECF No. 59.) On October 11, 2017, after all parties consented to conduct all further proceedings in this action before a U.S. Magistrate Judge, the district judge assigned this matter to the undersigned for all further purposes and proceedings. (ECF No. 64.) This case is now ready to be set for jury trial on Plaintiff's claim against Defendant Cunha, Jr., for deliberate indifference to Plaintiff's serious medical needs. Thus, under Federal Rules of Civil Procedure 16(b), the Court now sets a further schedule for this litigation.

　　　　The parties are required to file pretrial statements in accordance with the schedule set forth herein. In addition to the matters already required to be addressed in the pretrial statement

1

under Local Rule 281, the parties will be required to submit requests to obtain the attendance of incarcerated witnesses. The procedures, requirements and deadlines for such a request are outlined in detail below. The parties are advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses.

1. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily</u>

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless the Court orders the warden or other custodian to permit the witness to be transported to court. The Court will not issue such an order unless it is satisfied that the prospective witness has actual knowledge of relevant facts.

A party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file concurrent with the pretrial statement a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts. The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The willingness of the prospective witness can be shown in one of two ways: (1) the party himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (e.g., if an incident occurred in Plaintiff's cell and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff

may swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye or ear witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The Court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the Court will issue the order necessary to cause the witness's custodian to bring the witness to court.

Motions for the attendance of incarcerated witnesses at trial, if any, must be filed on or before **February 5, 2018**. Objections, if any, must be filed on or before **February 19, 2018**.

### 2. Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pretrial statement a motion for the attendance of such witnesses. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

### 3. Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily

It is the responsibility of the party who has secured an unincarcerated witness's voluntary attendance to notify the witness of the time and date of trial. No action need be sought or obtained from the Court.

### 4. Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness. Id. In the case of an

unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness's travel expenses. 28 U.S.C. § 1821.

If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness. The Court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s). Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00. The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the Court. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

If Plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must submit the money orders to the Court no later than **April 13, 2018**. To ensure timely submission of the money orders, Plaintiff must notify the Court of the names and locations of his witnesses, in compliance with step one, on or before **April 2, 2018**.

The parties are advised that failure to file pretrial statements as required by this order may result in the imposition of appropriate sanctions, which may include dismissal of the action or entry of default.

Accordingly, the Court HEREBY ORDERS as follows:

1. This matter is set for telephonic trial confirmation hearing before the Honorable Barbara A. McAuliffe on **March 5, 2018**, at 10:00 a.m. in Courtroom 8 (BAM);
2. This matter is set for jury trial before the Honorable Barbara A. McAuliffe on **May 15, 2018**, at 8:30 a.m. in Courtroom 8 (BAM);
3. Plaintiff shall serve and file a pretrial statement as described in this order on or before **February 5, 2018**. Defendant shall serve and file a pretrial statement as described in this order on or before **February 19, 2018**;

///

4

4. In addition to electronically filing their pretrial statements, the parties shall e-mail them in Microsoft Word® format to: bamorders@caed.uscourts.gov;
5. Any motion for the attendance of incarcerated witnesses as described in this order shall be filed on or before **February 5, 2018**. The opposition to the motion for the attendance of incarcerated witnesses, if any, shall be filed on or before **February 19, 2018**;
6. If Plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily and requires the U.S. Marshal to serve a subpoena on such witness(es), Plaintiff must notify the Court of their names and locations on or before **April 2, 2018**, and Plaintiff must submit the money orders, as described in subsection 4 of this order, to the Court on or before **April 13, 2018**.

IT IS SO ORDERED.

Dated: **October 16, 2017** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE