**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

ALBERT LEE HOOD,

Plaintiff,

v.

ADLENO CUNHA, JR.,

Defendant.

Case No. 1:13-cv-00108-BAM (PC)

**PRETRIAL ORDER**

**Brief re 8th or 14th Amendment:** April 27, 2018

**Motions in Limine Filing Deadline**: April 13, 2018

**Opposition to Motions in Limine Filing Deadline**: April 27, 2018

**Motion in Limine Hearing**: May 7, 2018 at noon in Courtroom 8 (BAM)

**Jury Trial**: May 15, 2018, at 8:30 a.m. in Courtroom 8 (BAM)

Plaintiff Albert Lee Hood is state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claim against Defendant Adleno Cunha, Jr., for deliberate indifference to serious medical needs in violation of the Fourteenth Amendment. All parties have consented to magistrate judge jurisdiction. (ECF Nos. 27, 62.)

The parties submitted pretrial statements, and on March 5, 2018, the Court held a telephonic trial confirmation hearing. M. Greg Mullanax appeared on behalf of Plaintiff, and Leslie M. Dillahunty appeared on behalf of Defendant. Having reviewed the parties' statements and the remainder of the file, and having considered the issues raised at the telephonic trial confirmation

hearing, the Court issues the instant pretrial order.

## I. Jurisdiction and Venue

The Court has subject matter jurisdiction over this federal civil rights action. 28 U.S.C. § 1331. Venue is proper because the conduct allegedly occurred in this judicial district. 28 U.S.C. § 1391.

## II. Trial

The parties demand a trial by jury. Fed. R. Civ. P. 38(b).

Trial is set for **May 15, 2018 at 8:30 a.m.** before U.S. Magistrate Judge Barbara A. McAuliffe in Courtroom 8 (BAM). The parties anticipate the trial will last approximately three to five days.

## III. Facts

### A. Plaintiff's Undisputed Facts

Plaintiff contends that the following facts are undisputed:

1. Plaintiff was a pretrial detainee at the Fresno County Jail in September 2012 and had been incarcerated there since December 4, 2011.

2. When Plaintiff was incarcerated on December 4, 2011 and continuing, a bullet was lodged in plaintiff's body.

3. At all relevant times, defendant Cunha was employed as a correctional officer at the Fresno County Jail where Plaintiff was incarcerated.

4. Cunha worked the graveyard shift at the Fresno County Jail on the evening of September 1, 2012. Cunha was assigned to the Security Station.

5. On September 1, 2012, Plaintiff called Cunha over the intercom in his cell to report that the bullet was exiting Plaintiff's body and Plaintiff requested medical assistance. The jail was on lockdown at the time.

6.. Later that evening, Plaintiff again contacted Cunha to report that the bullet exited Plaintiff's body.

7. Plaintiff was seen by staff in the jail infirmary on September 3 and 4, 2012.

### B. Defendants' Undisputed Facts

Defendant contends that the following facts are undisputed:

1. Plaintiff was a pretrial detainee at the Fresno County Jail in September of 2012 and had

been incarcerated there since December 4, 2011.

2. When Plaintiff was booked into the Fresno County Jail on December 4, 2011, a bullet was lodged in his body.

3. At all times relevant, Adleno Cunha, Jr., was employed at the Fresno County Jail as a correctional officer where the plaintiff was incarcerated.

4. On the evening of September 1, 2012, Adleno Cunha, Jr., was working the graveyard shift at the Fresno County Jail and was assigned to the security station.

5. On September 1, 2012, Plaintiff contacted Adleno Cunha, Jr., over the intercom and stated that the bullet that had been lodged in his stomach had come out. At the time, the jail was on lockdown.

6. Plaintiff was seen by jail medical staff on September 3 and 4, 2012.

7. At all times relevant, Plaintiff was aware of the process of submitting an inmate request form to be seen by medical staff at the jail.

**C. <u>Plaintiff's Disputed Factual Issues</u>**

Plaintiff contends that the following facts are disputed:

1. Plaintiff informed the jail nurse upon admission that he had a bullet lodged in his body. Plaintiff requested medical assistance by signing up for sick call several times, but he never received medical assistance.

2. Cunha failed to render any medical assistance or to call for medical assistance. There was no staff available to assist Plaintiff and Cunha told Plaintiff to stay off the intercom button because Cunha was busy. Plaintiff again pushed the intercom button, and Cunha told Plaintiff to "stay off the damn button."

3. Later on the evening of September 1, 2012 or early morning of September 2, 2012, Plaintiff went to the Security Station window and told Cunha that the bullet had exited Plaintiff's body and Plaintiff requested medical treatment. Plaintiff actually showed the wound and bullet to Cunha. Cunha responded to Plaintiff by telling Plaintiff to get out of the red area near the window.

///

///

///

4. Cunha refused to seek request medical assistance for Plaintiff and never checked on Plaintiff's condition or investigated Plaintiff's well-being. Cunha took no effort to examine Plaintiff, contact the infirmary or medical team at the jail or to summon any jail staff to assess the situation and to investigate Plaintiff's medical condition.

5. Plaintiff was forced to call his attorney for help. Plaintiff's attorney got involved and sent an investigator from the Federal Defender's Office to the jail to investigate the incident and to take photos.

6. Cunha suffered gaping wound causing pain, lack of sleep, physical pain and anguish and duress.

**D. <u>Defendants' Disputed Factual Issues</u>**

1. Whether there was jail floor staff available to assist Plaintiff.

2. Whether Adleno Cunha, Jr., checked on the safety of Plaintiff after being advised that the bullet had come out of Plaintiff's stomach.

3. Whether Adleno Cunha, Jr., advised Plaintiff to inform the jail floor staff of Plaintiff's complaint that the bullet had come out of his stomach.

4. Whether Adleno Cunha, Jr., continued to monitor and observe from the security station and it appeared to him that Plaintiff did not really need to be seen by medical staff.

5. Whether during safety checks and head count, Plaintiff expressed to Adleno Cunha, Jr., a need or desire to be seen by medical staff.

6. Whether Adleno Cunha, Jr., responded to Plaintiff's purported requests for medical treatment by telling Plaintiff that he was busy, or responded by telling Plaintiff to "stay off the damn button."

7. Whether Plaintiff had a significant, serious injury as a result of the bullet exiting his body.

8. Whether Plaintiff had a serious medical need as a result of the bullet exiting his body.

9. Whether Adleno Cunha, Jr., acted with deliberate indifference to a serious medical need of Plaintiff.

///

///

**E. Disputed Evidentiary Issues**[1]

**1. Plaintiff's Disputed Evidentiary Issues**

Plaintiff has identified no disputed evidentiary issues.

**2. Defendant's Disputed Evidentiary Issues**

Defendant intends to file a motion in limine for each of the following:

1. To preclude plaintiff from testifying that, from the time of his booking at the Fresno County Jail on December 4, 2011, up to September 1, 2012, he requested medical assistance by signing up for sick call several times but never received medical assistance.

2. To preclude Vincent Lee, Federal Defender's Office Investigator, from offering testimony or opinions on the actions, or alleged inactions, of any jail staff, including but not limited to Adlena Cunha, Jr., as it pertains to plaintiff's allegations of the events of September 1, 2012, through September 4, 2012.

3. To preclude plaintiff from testifying as to any medical diagnosis (or lack of diagnosis).

4. To preclude plaintiff from raising any issues that have been dismissed by the Court.

5. To preclude plaintiff from testifying as to standards in corrections, including Title 15 of the California Code of Regulations, case law or Fresno County Jail policies and procedures.

6. To preclude plaintiff from testifying as to any hearsay statements made by correctional or medical staff at the Fresno County Jail.

7. To preclude plaintiff from testifying as to policies, practices, and procedures of correctional or medical staff at the Fresno County Jail.

8. To preclude plaintiff from testifying as to the content of various Fresno County Jail documents.

**F. Special Factual Information**

Defendant provides the following special factual information:

Plaintiff claims that Adleno Cunha, Jr., failed to summon medical staff after being advised that

---

[1] The parties may file motions in limine, addressed below, and/or object to the introduction of evidence at trial.

a bullet had worked itself out of his stomach. Plaintiff claims that, as a result of this alleged failure to summon medical staff, Plaintiff was forced to suffer a gaping wound which caused him pain, inability to sleep, anguish and duress.

Plaintiff sustained multiple gunshot wounds in 2005. At the time of his booking in December of 2011, at least two of the gunshots remained in his body. He has been incarcerated in the Fresno County Jail on approximately six occasions starting in 2006. Over the course of those incarcerations, Plaintiff has been seen by medical staff for complaints of pain caused by the bullets in his body. He was also seen by medical staff for complaints of difficulty sleeping and nightmares related to the 2005 shooting.

**IV. Relief Sought**

Plaintiff seeks compensatory damages to include damages for mental anguish and emotional distress caused by excessive pain, duress and inability to sleep. Plaintiff also seeks punitive damages, and will seek attorney's fees if the Court allows amendment of Plaintiff's First Amended Complaint to add a request for attorney's fees.

Defendant seeks a defense verdict, as well as costs of suit and attorney's fees pursuant to 42 U.S.C. § 1988, should he prevail in this action.

**V. Points of Law**

**A. Deliberate Indifference to a Serious Medical Need**

Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause. *See Bell v. Wolfish*, 441 U.S. 520, 535, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979) (holding that, under the Due Process Clause, a detainee may not be punished prior to conviction). Under both clauses, the plaintiff must show that the prison officials acted with "deliberate indifference." *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1067–68 (9th Cir. 2016), *cert. denied sub nom. Los Angeles Cty., Cal. v. Castro*, 137 S. Ct. 831, 197 L. Ed. 2d 69 (2017).

Prior to *Castro*, in the Ninth Circuit there was a single "deliberate indifference" test for Plaintiffs, whether under the Eighth Amendment or Fourteenth Amendment. *Id.* at 1068. That is, the prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to

his health or safety. *E.g., Farmer v. Brennan,* 511 U.S. 825, 847 (1994); *Thomas v. Ponder*, 611 F.3d 1144, 1151-52 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).

Deliberate indifference under the Eighth Amendment requires a showing that prison officials were aware of a "substantial risk of serious harm" to an inmate's health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." *Thomas*, 611 F.3d at 1150 (quoting *Farmer*, 511 U.S. at 844. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson*, 217 F.3d at 731.

In *Castro*, the standard for pretrial detainees suing under the Fourteenth Amendment for deliberate indifference was modified, in light of the Supreme Court's ruling in *Kingsley v. Hendrickson*, ---U.S.--- 135 S. Ct. 2466, 2468, 192 L. Ed. 2d 416 (2015). The Ninth Circuit in *Castro* held that *Kingsley* applies to claims of deliberate indifference for pretrial detainees suing under the Fourteenth Amendment. Deliberate indifference under the Fourteenth Amendment standard therefore requires a showing of "more than negligence but less than subjective intent—something akin to reckless disregard." *Castro*, 833 F.3d at 1071. Further, courts in this district have determined that a plaintiff must prove each of the following elements:

(1) The defendant made a request for medical care, or the need for care was glaringly obvious;

(2) The plaintiff had a serious medical need;

(3) The defendant did not take reasonable steps to obtain or provide medical care, even though a reasonable officer (or reasonable medical staff) in the circumstances would have appreciated the high degree of risk involved—making the likelihood of harm obvious; and

(4) By not taking such measures, the defendant caused the plaintiff's injuries. *Guerra v.*

*Sweeny*, No. 1:13-cv-01077-AWI-BAM (PC), 2016 WL 5404407 (E.D. Cal Sept. 27, 2016) (citing *Castro*, 833 F.3d at 1071). With respect to the third element, the defendant's conduct must be objectively unreasonable under the facts and circumstances. *Castro*, 833 F.3d at 1071.

On or before **April 27, 2018**, the parties shall each submit a brief regarding the applicable Amendment under the facts of this case. Specifically, in light of the date of the incident at issue in this case, the parties should address whether the Eighth Amendment, pre-*Castro* standard applies to this case, or whether the more recently developed Fourteenth Amendment standard applies retroactively. If the parties are in agreement as to which standard applies and the elements to be proven, they may file a joint, agreed brief.

**B. Punitive Damages**

Plaintiff has the burden of proving what, if any, punitive damages should be awarded by a preponderance of the evidence. NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS § 5.5 (2008). The jury must find that the defendants' conduct was "motivated by evil motive or intent, or . . . involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56, 103 S. Ct. 1625 (1986). Acts or omissions which are malicious, wanton, or oppressive support an award of punitive damages. *Dang v. Cross*, 422 F.3d 800, 807-08 (9th Cir. 2005).

**C. Federal Rules of Evidence**

Federal Rule of Evidence 609 provides that evidence of a witness's prior felony conviction may be used to impeach that witness's testimony. Fed. R. Evid. 609.

Federal Rule of Evidence 404(b) provides that evidence of prior crimes, wrongs, or acts cannot be used to prove the character of the person in order to show conduct in conformity with that character trait. Fed. R. Evid. 404(b). Such prior acts may be admissible for other purposes only, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id*.

**VI. Abandoned Issues**

None.

**VII. Witnesses**

**The following is a list of witnesses that the parties expect to call at trial, including**

**rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).**

**A. Plaintiff's Witness List**

1. Plaintiff Albert Lee Hood
2. Defendant Adleno Cunha, Jr.
3. Xavier Gladney
4. Andre Flanigan
5. Vinnie Lee, Investigator, Federal Defender's Office

**B. Defendants' Witness List**[2]

1. Correctional Officer Adleno Cunha, Jr., Fresno County Sheriff's Department
2. Correctional Officer Rodrigo Alvarado, Fresno County Sheriff's Department
3. Correctional Officer Paul Haros, Fresno County Sheriff's Department
4. Sgt. Nancy Taylor, Fresno County Sheriff's Department
5. Correctional Officer Michael Wibbels, Fresno County Sheriff's Department
6. Correctional Officer Rudy Marquez, Fresno County Sheriff's Department
7. Correctional Officer Chad Horneck, Fresno County Sheriff's Department
8. R. Luga, D.D.S., Corizon Health
9. Rene Figueroa, R.N., Corizon Health
10. Cheryl Anderson, R.N., Corizon Health
11. Vicki Whittaker, LPT, Corizon Health
12. Randy Shahbazian, M.D., Corizon Health

**VIII. Exhibits**

**The following is a list of documents or other exhibits that the parties expect to offer at**

---

[2] Defendants are not required to call all of the witnesses listed. However, as noted above, witnesses the parties plan to call must be available on May 15, 2018, by 9:30 a.m., unless otherwise ordered by the Court. The Court will not delay the proceedings because of witness unavailability.

**trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).**

**A. Plaintiff's Exhibits**

1. Photos of Plaintiff's injury
2. Documents in possession of Vinnie Lee

**B. Defendant's Exhibits**

1. Scene photos and diagrams
2. Plaintiff's medical records subpoenaed from Corizon Health
3. Plaintiff's Correctional Health Inmate Request Forms included in the Corizon Health records
4. Fresno County Jail records pertaining to Plaintiff

## IX. Discovery Documents to be Used at Trial

Plaintiff does not expect to offer discovery documents at trial.

Defendant may submit the following discovery documents at trial:

1. All interrogatories and their responses propounded by any party to this action.
2. All requests for production and their responses propounded by any party to this action.
3. All depositions, including attached exhibits, taken in this litigation.

The parties are warned that the Court generally does not allow the admission into evidence of discovery documents, including responses or transcripts, in their entirety.

## X. Further Discovery or Motions

In their pretrial statements, the parties sought to reopen discovery to depose additional witnesses and parties. As discussed during the telephonic hearing, these requests are DENIED.

## XI. Stipulations

None.

## XII. Amendments/Dismissals

None.

///

**XIII. Settlement Negotiations**

By separate minute order, the parties are directed to meet and confer regarding possible dates for a settlement conference, and to contact courtroom deputy Harriet Herman to secure an available settlement conference date before a Magistrate Judge.

**XIV. Agreed Statement**

None.

**XV. Separate Trial of Issues**

As is the Court's general practice, the punitive damages phase of this trial, if any, will be bifurcated.

**XVI. Impartial Experts – Limitation of Experts**

None.

**XVII. Attorney's Fees**

Plaintiff seeks costs and attorney fees. Any such award shall be limited by the relevant provisions of 42 U.S.C. §§ 1988 and 1997e(d).

Defendants may seek reasonable attorney's fees and costs if they prevail at trial.

**XVIII. Trial Exhibits**

No special handling.

**XIX. Trial Protective Order**

None.

**XX. Miscellaneous**

**A. Further Trial Preparation**

**1. Motions in Limine**

**a. Briefing Schedule**

Any party may file a motion in limine, which is a procedural mechanism to limit in advance testimony or evidence in a particular area. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (quotation marks omitted). In the case of a jury trial, the Court's ruling gives Plaintiff and Defendants' counsel advance notice of the scope of certain evidence so that admissibility is settled before attempted use of the evidence before the jury. *Id.* at 1111-12 (quotation marks omitted).

Any motion in limine must be served on the other party, and filed with the Court by **April 13, 2018**. Any motion in limine must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial.

Any opposition to a motion in limine must be served on the other party, and filed with the Court by **April 27, 2018**. **No reply briefs shall be submitted by the parties.**

A motion in limine hearing will be held, telephonically, on **May 7, 2018 at noon** in Courtroom 8 (BAM).

**Whether or not a party files a motion in limine, that party may still object to the introduction of evidence during the trial.**

**2. Other**

**a. Trial Briefs**

The parties are relieved of their obligation under Local Rule 285 to file a trial brief. If the parties wish to submit a trial brief, they must do so on or before **May 7, 2018**.

**b. Verdict Form**

The parties SHALL reach an agreement on the verdict form for use at trial. The parties shall file and serve the agreed-on verdict form, and identify it as such, by no later than **May 7, 2018**. If a party seeks additions to the agreed-on verdict form, that party may file and serve by no later than **May 7, 2018**, a proposed verdict form which includes the agreed-on portions and additions that are clearly indicated on that party's proposed verdict form. The Court will strike and will not accept separately proposed verdict forms upon which the parties do not agree.

**c. Jury Instructions**

The parties SHALL also meet and confer, by telephone or other means, to agree upon jury instructions for use at trial. The parties SHALL also file and serve all agreed-upon jury instructions, and identify them as such, by no later than **May 7, 2018**. The parties shall also provide the Court with a copy of their proposed jury instructions in Word format via e-mail at: bamorders@caed.uscourts.gov.

Jury instructions that the parties could not agree on may be filed and served by no later than **May 7, 2018**. Plaintiff may file and serve no more than five proposed jury instructions and identify

them as instructions upon which the parties could not agree. Similarly Defendant may file and serve no more than five proposed jury instructions and identify them as instructions upon which the parties could not agree. The Court will not consider additional proposed jury instructions.

All jury instructions shall indicate the party submitting the instruction (i.e., joint/agreed-on, plaintiff's or defendant's), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the text of the instruction, and the legal authority supporting the instruction.

Ninth Circuit Model Jury Instructions SHALL be used where the subject of the instruction is covered by a model instruction. Otherwise CACI or BAJI instructions shall be used where the subject of the instruction is covered by CACI or BAJI. All instructions shall be short, concise, understandable, and neutral and accurate statements of the law. Argumentative or formula instructions will not be given and must not be submitted. Quotations from legal authorities without reference to the issues at hand are unacceptable. The parties shall, by italics or underlining, designate any modification of instructions from statutory or case authority, or any pattern instruction, such as the Ninth Circuit Model Jury instructions, and must specifically state the modification made to the original form instruction and the legal authority supporting the modification.

By no later than **May 7, 2018**, the parties may file and serve meaningful objections to disputed jury instructions proposed by another party. All objections shall be in writing, shall set forth the proposed instruction objected to in its entirety, shall specifically set forth the objectionable matter in the proposed instruction, and shall include a citation to legal authority to explain the grounds for the objection and why the instruction is improper. A concise argument concerning the instruction may be included. Where applicable, the objecting party shall submit an alternative proposed instruction covering the subject or issue of law.

**d. Proposed Voir Dire**

Proposed voir dire questions, if any, shall be filed on or before **May 7, 2018**, pursuant to Local Rule 162.1.

///

///

**e. Statement of the Case**

The parties SHALL reach an agreement on a neutral statement of the case to be read to the jury, which briefly describes the case, including the claims and defenses. The parties shall file and serve the neutral statement of the case by no later than **May 7, 2018**.

**f. Trial Exhibits**

No later than May 7, 2018, the parties shall submit all premarked trial exhibits, along with exhibit lists, to **Courtroom Deputy Harriet Herman**. This includes any demonstrative evidence the parties intend to use. Any exhibits submitted which are not listed in the pretrial statement will not be admitted.

Plaintiff's exhibits shall be pre-marked with the prefix "PX" and numbered sequentially beginning with 100 (e.g., PX-100, PX-101, etc.). Defendants' exhibits shall be pre-marked with the prefix "DX" and numbered sequentially beginning with 200 (e.g., DX-200, DX-201, etc.). Exhibits which are multiple pages shall be marked with page numbers in addition to the prefix and exhibit number, on each page of the exhibit (e.g., PX-100, page 1 of 2, PX-100, page 2 of 2, etc.). The exhibits shall also be separated by tabs.

**The parties are required to meet and confer, by telephone or other means, to agree upon and identify their joint exhibits, if any.** Joint exhibits shall be pre-marked with the prefix "JT" and numbered sequentially beginning with 1 (e.g., JT-1, JT-2, etc.) Joint exhibits are admitted automatically into evidence.

The parties shall submit **three sets** of the exhibits. The parties must prepare one exhibit binder for use by the court at trial, one for use on the witness stand, and one for use by the courtroom deputy. The binders should have a side tab identifying each exhibit in accordance with the numbering above. Each binder shall have an identification label on the front and spine.

**XXI. Use of electronic Equipment in Courtroom**

Any party wishing to receive an overview or tutorial of the Court's electronic equipment must contact the Courtroom Deputy Clerk Harriet Herman at (559) 499-5788 or hherman@caed.uscourts.gov in order to schedule a tutorial session at a time convenient to the Court's Information Technology staff. The parties need to coordinate so everyone who is interested can attend

the IT conference, the Court will hold only one conference per case. The conference must be held no later than **one (1) week** before trial, and the parties shall confer and advise the Courtroom of the date and time that has been agreed upon. The parties will not be provided any training on the day of or during the course of the trial.

The electronic equipment and resources available for this trial may differ from the equipment and resources available in other courtrooms and may even differ from the equipment and resources available in this courtroom at another time. It is the responsibility of the parties to familiarize themselves with the equipment and resources available for use in this trial prior to the commencement of trial. If any party is unfamiliar with the equipment and resources available for use in this trial, that party may be ordered to proceed without the aid of such equipment and resources and/or may be sanctioned for any fees, costs or expenses associated with any delay.

**XXII. Objections to Pretrial Order**

Written objections to the pretrial order, if any, must be filed on or before **March 19, 2018**. Such objections shall specify the requested modifications, corrections, additions or deletions.

**XXI. Compliance with Pretrial Order**

Strict compliance with this order and its requirements is mandatory. The Court will strictly enforce the requirements of this pretrial order, and counsel and parties are subject to sanctions for failure to fully comply with this order and its requirements. The Court will modify the pretrial order "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). The Court ADMONISHES the parties and counsel to obey the Federal Rules of Civil Procedure and the Court's Local Rules and orders. The failure to do so will subject the parties and/or counsel to sanctions as the Court deems appropriate.

IT IS SO ORDERED.

Dated: **March 5, 2018**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE